UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID ROGERS AND OPTION-X LLC ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. |
| ) | 3-16-cv-00137 |
| ) | |
| GENTEX CORPORATION ) | JUDGE MARIANI |
| ) | |
| Defendant. ) | ELECTRONICALLY FILED |

## CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

WHEREAS discovery in this matter is expected to include the production of documents and information that is business sensitive, proprietary, confidential and/or constitutes protected trade secrets;

WHEREAS David Rogers and Gentex Corporation agreed to maintain the confidentiality of certain information and materials in connection with Gentex Corporation's acquisition of certain business interests belonging to David Rogers in 2011 and Mr. Rogers's agreement to become employed by Gentex Corporation;

WHEREAS the parties have a legitimate interest in maintaining the confidentiality of such information and in prohibiting the disclosure and/or use of such information outside the context of this litigation; and

WHEREAS this Confidentiality Agreement and Protective Order (hereinafter "the Agreement") is intended to establish a procedure to maintain the confidentiality of such records and information; and

NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among the parties, through their counsel, that confidential information exchanged in discovery shall be disclosed only in the manner set forth in this Agreement and Order:

1. When used in this Order, the following words shall have the following meanings:

    (a) "Documents" means (1) all written, recorded or graphic matter whatsoever and information produced on computer disks or tapes, including all written materials, and (2) any copies, reproductions or summaries of the foregoing, including microfilmed, imaged or electronic copies.

    (b) "Discovery Materials" means (1) documents or other information produced by any party or third person, whether pursuant to the Federal Rules of Civil Procedure, by subpoena or by agreement, other than documents that are publicly available; (2) interrogatory or other discovery responses; and (3) deposition testimony of any party or third person taken in this action, exhibits thereto and/or any videos or transcripts thereof, whether in written or computer format, and all contents of the foregoing.

    (c) "Producing Party" means any party or third person producing discovery materials, whether pursuant to the Federal Rules of Civil Procedure, by subpoena, or by agreement.

    (d) "Disclose" (and any variant thereof) means to show, give, make available, reproduce, or communicate any Discovery Materials, or any part or content thereof.

  (e) "Confidential Discovery Materials" means any discovery materials that are designated in good faith as "Confidential."

  (f) "Attorneys of Record" means attorneys of record for any of the parties to this action, members of the firm of the attorneys of record for the parties, and any in-house attorneys who are employed by the parties.

  2. A Producing Party may designate as "**Confidential**" any Discovery Materials that the Producing Party determines, reasonably and in good faith, to constitute sensitive financial or business information (including market analyses, pricing information, or strategic business plans) or other confidential or proprietary information (including research, development, or commercial information), personal information, private information that would create a risk of embarrassment if disclosed, or other information the receiving party or non-parties would not have access to but for this lawsuit and the disclosure of which information may have the effect of causing harm to the Producing Party. Confidential Discovery Materials shall be used solely for the purposes of this litigation.

  3. Confidential Discovery Materials shall be and shall remain confidential and shall not be disclosed to any person or entity nor used for any purpose except in accordance with the terms, conditions, and restrictions of this Order.

  4. Subject to the terms, conditions, and restrictions of this Order, Confidential Discovery Materials may be disclosed only to the following persons

3

and only to the extent such persons have a legitimate need to know the particular Confidential Discovery Materials disclosed to them. Material designated as 'Confidential' may be disclosed to:

(a) Persons employed by the Court and jury in connection with the handling of this action;

(b) Attorneys providing representation to the parties of record and the named Plaintiffs and Defendant;

(c) Employees of the Attorneys of Record working under the direct supervision of such Attorneys of Record;

(d) Current employees, officers, partners, directors, representatives or agents of the Parties;

(e) Outside experts or consultants, provided that prior to any disclosure the Attorney of Record who retains the outside expert or consultant obtains such expert's or consultant's agreement to the nondisclosure agreement described in paragraph 5 below. All nondisclosure agreements for consultants not disclosed pursuant to Fed. R. Civ. P. 26 must be maintained by Attorneys of Record;

(f) Certified court reporters and videotape operators for the purposes of recording the testimony of deposition witnesses and preparing a written or videotaped record of testimony;

(g) Independent copying services, independent computer consulting and support services, independent translators, independent exhibit makers, and other independent litigation support services retained for purposes of this litigation who agree to maintain the confidentiality of such materials;

(h) A witness in this action at a deposition, hearing or trial but only to the extent necessary to obtain the witness's testimony and the portion of the transcript relating to the Confidential Discovery Materials shall be marked "Confidential;"

(i) Any other person who is designated by written stipulation of the parties to have access to Confidential Discovery Materials, or by order of the Court.

5. Before disclosing any Confidential Discovery Materials to any person specified in paragraph 4(d), (e), (g), (h) and (i) above, counsel shall advise said persons of this Order and said person must execute a Non-Disclosure Agreement, stating that such persons agree (1) to maintain Confidential Discovery Materials in confidence, and (2) not to use or disclose Confidential Discovery Materials to anyone other than in accordance with the terms of this Order. All deposition, hearing or trial witnesses to whom Confidential Discovery Materials are disclosed at deposition, hearing or trial are hereby ordered (1) to maintain Confidential Discovery Materials in confidence and (2) not to use or disclose Confidential Discovery Materials to anyone other than in accordance with the terms of this Order. Counsel shall maintain copies of all Non-Disclosure Agreements signed by qualified persons to whom Confidential Discovery Material has been disclosed in accordance with this Agreement and Order, which shall be produced in the event any dispute arises concerning the disclosure of Confidential Discovery Materials.

6. Any party desiring to designate particular Discovery Materials as Confidential Discovery Materials must place upon such materials in a conspicuous manner a marking which reads: "CONFIDENTIAL." In the event that only a portion of the Discovery Materials are to be designated as confidential, the party

shall so designate by either bracketing the confidential portions of any Discovery Materials or otherwise informing the requesting party which portions are to be confidential.

7. Discovery Materials disclosed at a deposition may be designated by a party as 'Confidential' by indicating on the record at the deposition that the specific part of the testimony and/or any exhibits marked for identification is confidential and is subject to the provisions of the Order. A party may also designate discovery materials disclosed at such depositions as confidential by notifying all parties in writing, within fourteen (14) days of receipt of the transcript by the attorneys of record for the designating party, of the specific pages and lines of the transcript which contain Confidential Discovery Materials. During such fourteen (14) day period, all Discovery Materials shall be treated as Confidential Discovery Materials. To the extent that Discovery Materials previously designated as Confidential Discovery Materials are marked as exhibits at a deposition or become exhibits to a deposition transcript, the parties agree that such Discovery Materials maintain this confidential status and need not be re-designated.

8. By making any such Confidential Discovery Materials available during the course of this litigation, the producing party does not waive any confidential protection that might otherwise be afforded over those materials. Furthermore, by designating any Discovery Materials "Confidential," the parties do not

acknowledge that any such Discovery Materials are relevant, discoverable, or admissible in this action. Nothing herein shall constitute a waiver of any claim or privilege or protection from or right to discovery. This Order shall not constitute a waiver of any right to seek discovery of, or alternatively to resist discovery of, any material in this action.

9. Nothing in this Agreement or related Order shall preclude any party from disclosing publicly available information or documents or information or documents not otherwise confidential.

10. Inadvertent failure to designate Discovery Materials as confidential at the time of production may be remedied by supplemental written notice. If such notice is given, the identified materials shall prospectively be subject to this Order. The inadvertent disclosure by the producing party of Confidential Discovery Materials, regardless of whether such materials were so designated at the time of disclosure, shall not be deemed a waiver, in whole or in part, of a party's claim of confidentiality, either as to the specific discovery materials disclosed or as to any other Discovery Materials relating thereto or on the same or related subject matter, however the confidentiality restrictions shall apply only after the materials are designated as Confidential in accordance with this Agreement.

11. The following procedures shall apply to Confidential Discovery Materials subject to this Order and disputes arising from such a designation:

a. If a receiving party in good faith disagrees with a Producing Party's designation of confidentiality, counsel for the receiving party shall inform counsel for Producing Party by letter, e-mail or on the record in a deposition identifying the materials subject to the disagreement with specificity (the "Notice of Disagreement").

b. After being notified of a confidentiality dispute the burden falls on the Producing Party to confer with the receiving party ("Meet and Confer") within ten (10) business days of receipt of the Notice of Disagreement. If the disagreement is not resolved, the Producing Party shall apply to the Court for appropriate relief upon notice to the other party and an opportunity to be heard by the Court. The Producing Party shall bear the burden of proof that the Discovery Materials are, in fact, entitled to confidentiality under the provisions of this Order, Pennsylvania or any other applicable law.

c. If the Producing Party applies for such relief from the Court, each document, material, or other thing, or portions thereof (and the information contained therein) designated as Confidential Discovery Materials shall retain that designation and shall remain subject to the terms of this Order until such time, if ever, as the Court rules on said motion, and any and all proceedings, including appellate proceedings, if any, challenging

8

such decision have been concluded.

    d.    If the Producing Party does not apply to the Court for relief within twenty (20) days of the Meet and Confer, all Confidential Discovery Materials designated in that notice will no longer be deemed confidential or subject to this order.

12.    All Confidential Discovery Materials shall only be used in connection with the preparation, trial and appeal, if any, of this litigation.

13.    All Discovery Materials provided by nonparties may be designated Confidential by written statement of the nonparty at the time of production or any party within three (3) days of receipt of the material. In all cases, designations shall be made in accordance with the provisions of this Agreement and Order.

14.    If the substance of the Confidential Information is referred to or included in, or any documents relating thereto become exhibits to, any pleadings, motions, memoranda, affidavits, or answers to discovery requests, or are used during any deposition, all such pleadings, motions, memoranda, exhibits, affidavits, discovery responses, transcripts and videotapes shall be filed under seal if and when they are required to be filed with the Court. Such pleadings, motions, memoranda, exhibits, affidavits, answers to discovery requests, transcripts and videotapes and any materials incorporating or utilizing such information, shall not be used for any purpose except in connection with this litigation and in accordance

with this Agreement and Order and disclosure of such documents and materials shall be limited to qualified persons in accordance with this Agreement.

15. In the event a party receives a subpoena or court order compelling the production or disclosure of any Confidential Discovery Materials, the recipient shall provide prompt written notice of the subpoena or court order to counsel for the Producing Party so that the Producing Party may seek a protective order or other remedy to protect against public disclosure of confidential material. The recipient shall provide reasonable assistance in opposing such disclosure. No disclosure shall be made to any third party prior to any ruling from the Court on the application for protective order or other relief.

16. Upon final termination of this action, including all appeals, at the request of any party all other parties shall return or destroy all Confidential Discovery Materials within their possession, the possession of testifying and consulting experts and any other person to whom the party has disclosed Confidential Discovery Materials, and shall provide a certification of return or destruction to the Producing Party. Any Confidential Discovery Materials that have been incorporated in or attached as exhibits to Court filings or deposition transcripts and are not able to be easily extracted and destroyed shall remain confidential and shall be subject to all confidentiality restrictions in this Order.

17. This Order shall be without prejudice to the right of the parties or any

non-party to request additional protection under applicable laws for discovery requests hereafter served by any party or to seek modification of this Order upon a showing of good cause.

18. The parties shall give each other reasonable notice of the intent to use the Confidential Discovery Material at trial or any hearing held in open court. For example, if the Confidential Information is to be used at trial, the parties shall disclose the intent to use the Confidential Information in their Pretrial Memoranda filed with the Court. If the Confidential Information is to be used at a hearing to be held in open court, the parties shall disclose the intent to use Confidential Information reasonably in advance of the hearing. Upon receipt of the notice of the intent to use the Confidential Information, opposing counsel shall have the right to object to the use of the Confidential Information and request that the Court evaluate the proposed use, giving consideration to the need for confidentiality and the evidentiary value of disclosure of the Confidential Information, and enter an Order that resolves the competing interests by whatever means the Court deems necessary and appropriate, including, but not limited to, entry of an order sealing the courtroom.

19. If any party perceives a need to disclose the Confidential Information to any person other than a qualified person or otherwise than as set forth herein, the party shall notify the Producing Party and attempt to agree upon the terms and

conditions of such dissemination consistent with the letter and spirit of this Agreement and Order. If the parties fail to reach agreement, then any party may apply to the Court for appropriate relief upon notice to the other party and an opportunity to be heard by the Court. During the disposition of any such motion, the designated document or item shall continue to be treated as Confidential and shall be subject to the provisions of this Agreement and Order.

20. In the event a dispute arises under this Agreement and/or Order, neither party shall proceed by motion or otherwise to the Court with respect to such dispute without first conferring with the other party in an attempt to resolve the dispute,

21. The terms of this Order shall not be construed as any limitation upon the right of any party to offer into evidence or to use as a demonstrative aid any documents, response, or information designated as confidential at any hearing, deposition or trial of this matter. Similarly, nothing in this Order shall be construed as any limitation upon the right of any party to object to any evidence sought to be offered into evidence or used as a demonstrative aid at any hearing, deposition or trial of this matter.

22. This Court retains jurisdiction over the parties, counsel for the parties, persons who receive access to Confidential Discovery Materials pursuant to this Agreement and Order and all persons, firms, corporations or organizations to

Case 3:16-cv-00137-RDM   Document 61-2   Filed 09/07/16   Page 13 of 16
Case 3:16-cv-00137-RDM   Document 61-1   Filed 09/07/16   Page 8 of 11

whom this Order applies for purposes of enforcement of this Order following the conclusion of this action and to enable any party to apply for such direction as may be appropriate.

23. Nothing in this Order shall prevent any party, counsel or other person from seeking modifications to this Order or from objecting to discovery that it believes to be otherwise improper.

24. This Order shall not supersede or replace any existing confidentiality obligations between the parties. All existing confidentiality obligations shall continue in full force and effect.

25. This Order shall be binding on, and inure to the benefit of, the parties hereto and its/their agents, employees, successors, assigns, heirs, administrators, agents and representatives.

STIPULATED AND AGREED TO BY:

Respectfully submitted,

| | |
|---|---|
| /s/ David H. Rich<br>David H. Rich | /s/ Donna A. Walsh<br>Daniel T. Brier<br>Donna A. Walsh |
| Todd & Weld LLP<br>One Federal Street<br>Boston, MA 02110 | Myers, Brier & Kelly, LLP<br>425 Spruce Street, Suite 200<br>Scranton, PA 18503 |
| Counsel for Plaintiffs,<br>David Rogers and Option-X, LLC | Counsel for Defendant,<br>Gentex Corporation |

/s/ Emily Edmunds
Emily Edmunds

Saul Ewing LLP
2 North Second Street, 7th Floor
Harrisburg, PA 17101

Counsel for Plaintiffs,
David Rogers and Option-X, LLC


APPROVED AND SO ORDERED THIS ___ day of September, 2016


BY THE COURT:


_____
                                                       J.

**EXHIBIT A**

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID ROGERS AND OPTION-X LLC )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>)<br>GENTEX CORPORATION )<br>)<br>Defendant. )<br>) | CIVIL ACTION NO.<br>3-16-cv-00137<br><br>JUDGE MARIANI |

**NON-DISCLOSURE AGREEMENT**

I, _____, hereby certify my understanding that Confidential Discovery Materials are being provided to me pursuant to the terms and restrictions of a Confidentiality Agreement and Protective Order entered by the United States District Court for the Middle District of Pennsylvania, in connection with the action entitled *David Rogers and Option-X, LLC v. Gentex Corporation*. Civil Action No. 1:16-CV-00137.

I further certify that I have been provided a copy of and have read the Confidentiality Agreement and Protective Order. I understand that the Order prohibits me from either using or disclosing Confidential Discovery Materials for

any purpose other than as set forth in and pursuant to the Order entered by the Court. I represent and agree that I will not utilize any Confidential Discovery Materials for any purpose other than in connection with this litigation and that I will not reveal any Confidential Discovery Materials to, nor discuss such material with anyone, except in accordance with the Confidentiality Agreement and Protective Order. I hereby agree to be bound by all terms of the Confidentiality Agreement and Protective Order and subject myself to the jurisdiction of the Court for purposes of enforcement of the terms and restrictions of the Order. I understand that violation of the Order is punishable as contempt of court. At the termination of this litigation, I will destroy or return all Confidential Discovery Materials (including all copies, summaries, and abstracts of same) to the attorney who provided the Confidential Discovery Materials to me.

_____

Date: _____